*In re* MOOERS AND LIBBY, Insolvents.

Cumberland.    Opinion June 9, 1894.

*Insolvency.   Discharge.   Books of Account.   Practice.   Findings of Fact. Conclusive.   R. S., c. 70, § 46.*

A tradesman who has failed to keep proper books of account is not entitled by the laws of Maine to receive a discharge in insolvency.

No exceptions lie to the findings of fact by a presiding justice of this court. His decisions upon questions of fact are conclusive, and the law court has no power to revise or reverse such decisions.

Whether a tradesman's books give a truthful and complete history of his business is a question of fact.

ON EXCEPTIONS.

This was an appeal from the Court of Insolvency, for the County of Cumberland and was heard in this court by the presiding justice without a jury.   From the bill of exceptions it appears that :

William H. Mooers and Benjamin F. Libby, co-partners under firm name of Mooers & Libby, were adjudged insolvent debtors by the Insolvent Court for the County of Cumberland, upon their own petition filed in that court on the 9th day of December, 1891, and thereafterwards on the 26th day of July, 1892, said insolvents filed in said court a petition for a discharge, as provided by R. S., c. 70.

On the return day of the petition for discharge, Harris Gage & Tolman and others, creditors of said insolvent debtors, who had filed proofs of their claims in said court, appeared and filed specifications of objections to the discharge of the firm of Mooers & Libby, and also objections to the discharge of William H. Mooers individually.   Said cause was heard by the Insolvent Court, and on the 31st day of December, 1892, the judge of that court entered a decree discharging said Benjamin F. Libby, and denying the discharge of said William H. Mooers, and thereupon said objecting creditors gave notice of their appeal from said decree discharging said Libby, and said Mooers gave notice of his appeal from said decree, denying his discharge.

Both appeals were entered in this court at the January term, 1893, and were continued until the April term, when both of said appeals came on to be heard upon five written specifications of objections to the discharge of Mooers & Libby, and written specifications of objections to the discharge of William H. Mooers; all the objections related to the insolvents' books of account.

The appeals were heard in this court upon the evidence produced upon the part of the objecting creditors, and upon consideration thereof, and of the arguments of the counsel for the respective parties, the court found that said Mooers & Libby as co-partners, were merchants and traders, engaged in the retail grocery business at said Portland, between the first day of February, 1889, and the 15th day of December, 1891, and that

said William H. Mooers between the same dates, was a merchant and trader, engaged in the retail meat business.

And thereupon the court decided that the books and exhibits produced, kept by said firm of Mooers & Libby, were proper books of account, and the books kept by William H. Mooers in his retail meat business, were not proper books of account, and ordered that the decree of the Insolvent Court granting a discharge to Benjamin F. Libby, and denying a discharge to William H. Mooers, be affirmed.

The objecting creditors thereupon took exceptions.

*Benj. Thompson*, for objecting creditors.

Counsel cited : *In re Tolman*, 83 Maine, 353, 358 ; *In re Gay*, 1 Hask. 108 ; *In re George & Proctor*, 1 Lowell. 409 ; *In re Antisdell*, 18 N. B. R. 289 ; *In re Williams*, 13 Fed. Rep. 30 ; *In re Archenbrown*, 12 N. B. R. 17 ; *In re Patten*, 85 Maine, 154 ; *In re Garrison*, 7 N. B. R. 287 ; *In re Hammond, & Coolidge*, 1 Lowell 381-2 ; *In re Vernia*, 5 Fed. Rep. 724-5 ; *In re Mackay*, 4 B. R. 66 ; *In re White*, 2 B. R. 590 ; *In re Odell*, 17 N. B. R. 73-4 ; *In re Winsor*, 16 N. B. R. 152 ; *In re Butler*, 13 Fed. Rep. 30-1.

*Wilford G. Chapman*, for insolvents.

SITTING : PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

HASKELL, J. The court below decided that the books of a tradesman were proper books of account and granted the discharge in insolvency of the tradesman. To this decision exceptions are taken by the objecting creditors, and they must be overruled. The decision presents no question of law. Had the presiding justice stated the condition of the books, that is, found the facts upon which he based rulings of law, it would have been otherwise. This he did not do, and did not intend to do. The original exceptions as presented recite : "The court ruled as a matter of law that the books and exhibits produced, kept," &c., were proper books of account. Before the exceptions were allowed, the presiding justice, with his own hand, erased the

words, "ruled as a matter of law," and inserted instead thereof the word "decided," plainly showing that questions of fact, as well as of law, were included in his decision. From such decision, exceptions do not lie. The law court cannot, on a bill of exceptions, investigate the whole record, make itself familiar with a complicated or involved system of book-keeping, and determine the existing facts, in order to see whether the result complained of be sustained by the rules of law. Such considerations can only be reached by appeal, and that relief is not given in cases of this sort. The law, in these cases, makes the court below the final arbiter on questions of fact, and the law court has no power to revise or reverse such decision.

In this case, a large box of books is sent to the law court for it to determine on inspection whether the books contain such entries as give a truthful and complete history of the tradesman's business, purely a question of fact. It is not so material to know what the system of bookkeeping is, as to know the substance of it. That can be known only by a careful examination of the accounts, giving results and conditions of fact, that as matter of law either do or do not establish the statute requirement of proper books of account. Such results and conditions must be determined at *nisi prius*. It is unlike the case of *Morey* v. *Milliken*, *ante*, p. 464, where the vital facts were undisputed and the inference showing the resultant fact became a question of law.

*Exceptions overruled.*